46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clay Marshall CURTIS, Defendant-Appellant.
 No. 94-5039.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 18, 1995.
 
 Terry L. Armentrout, ROGER A. RITCHIE & ASSOCIATE, Harrisonburg, VA, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, VA, for Appellee.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Clay Marshall Curtis was convicted of possession of a firearm by a convicted felon, 18 U.S.C. Secs. 922(g)(1), 924(e)(1) (1988). Curtis was arrested after a consensual search of his vehicle and residence police yielded marijuana, ammunition, and a Brico .380 caliber pistol. While in custody, Curtis admitted owning the gun, and that he had purchased it by responding to an advertisement in the Valley Trader. The Government's case against Curtis included the testimony of Lisa O'Dell, who stated that she sold the .380 caliber pistol to Curtis in 1992, after he answered an advertisement she placed in the Valley Trader.
 
 
 2
 At issue in this appeal is the admissibility of O'Dell's testimony. Before trial, Curtis filed a motion to suppress any and all identifications by O'Dell, on the ground that the investigating officer showed O'Dell a photograph of Curtis, and no one else, when she made her initial identification.[1] Although the Court agreed that the single photograph was impermissibly suggestive, it denied the motion,[2] finding that O'Dell had a sufficient independent basis to make an in-court identification.
 
 
 3
 Curtis was found guilty and sentenced to 293 months imprisonment, followed by three years of supervised release. He filed a timely notice of appeal. Curtis maintains that the United States failed to establish an "untainted independent basis for O'Dell's identification," and that, therefore, his conviction should be overturned.
 
 
 4
 Because the "ultimate question as to the constitutionality of the ... identification ... is a mixed question of law and fact," Sumner v. Mata, 455 U.S. 591, 597 (1982), there is no clear standard of appellate review. We determine our review posture according to the relative significance of the legal inquiry involved. In United States v. Daughtrey, this Court explained, if "the question requires us to consider legal concepts in the mix of fact and law and to exercise judgment about the values that animate legal principles, then ... the question should be classified as one of law and reviewed de novo." Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989) (quoting United States v. McConney, 728 F.2d, 1195, 1202 (9th Cir.) (en banc) cert. denied, 469 U.S. 824 (1984)); see United States v. Hicks, 948 F.2d 877, 881 (4th Cir.1991). As our analysis requires us to interpret the circumstances surrounding the identification in light of the values underlying the general constitutional principle of due process, we review the suppression issue de novo.
 
 
 5
 The parties agree that the photographic identification was impermissibly suggestive. Therefore, our inquiry focuses on the reliability of O'Dell's subsequent courtroom identification of Curtis. Due process requires the trial court to exclude the identification if there is a "very substantial likelihood of irreparable misidentification" arising from O'Dell being shown the single photograph of Curtis. Simmons v. United States, 390 U.S. 377, 384 (1968).
 
 
 6
 In assessing reliability, we examine the totality of the circumstances to determine whether there was a sufficient independent basis for O'Dell's identification. See, e.g., Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir.), cert. denied, 63 U.S.L.W. 3259 (U.S.1994). We weigh the potential taint of the impermissibly suggestive procedure against the following indicia of reliability: (1) O'Dell's opportunity to view Curtis at the time of the crime; (2) O'Dell's attentiveness during the crime; (3) the accuracy of O'Dell's description of Curtis prior to viewing the photograph; (4) O'Dell's level of certainty at the time of the identification; and (5) the length of time between the crime and the identification. Manson v. Brathwaite, 432 U.S. 98, 114-16 (1977); Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
 
 
 7
 As the district judge found, the first four factors listed above demonstrate the reliability of O'Dell's testimony. O'Dell spent between five and ten minutes with the gun purchaser, which provided her ample opportunity to observe him. See Simmons v. United States, 390 U.S. 377, 385 (1968) (witnesses saw defendant for up to five minutes in a well-lit area). O'Dell indicated that her attention was drawn to the purchaser because he appeared nervous or anxious, which made O'Dell uneasy. Moreover, although there was some dispute as to whether she had sold one other gun--a rifle--some time in 1992, O'Dell testified that she did not sell guns often, and that the purchaser of the pistol was the only person who responded to her advertisement. O'Dell's description of the purchaser prior to her viewing the photograph matched Curtis. While her description "might not have satisfied Proust," Neil v. Biggers, 409 U.S. 188, 200 (1972), she did provide the details of Curtis's height, build, skin color, and the texture, length and color of his hair. Finally, O'Dell recognized Curtis immediately when shown the photograph.
 
 
 8
 Weighing against the reliability of O'Dell's in-court identification are the five months which elapsed between the sale of the pistol and her initial identification of Curtis by photograph. Although such a long delay could have clouded O'Dell's memory, her accurate description of Curtis suggests otherwise. We conclude, in light of the strength of the other factors, that O'Dell possessed a reliable, independent basis for her courtroom identification of Curtis, which is not undermined by the five month period between the crime and the first identification.
 
 
 9
 Curtis also contends on appeal that the district judge ruled on the suppression motion under the mistaken belief that only five weeks separated the sale and the identification. This claim stems from a question posed to O'Dell from the bench while she was on the witness stand. When O'Dell testified on cross-examination that Special Agent Jones visited her five months after the sale of the handgun, the judge asked, "Five months after you sold the gun, or five weeks?" From this question, Curtis asserts that the district judge had previously thought that only five weeks had passed, and as a result mistakenly denied the motion to suppress. However, at the suppression hearing Curtis's attorney emphasized the five month period three times, twice while addressing the judge directly. There is no indication that the judge's question to O'Dell at trial reflected any misunderstanding at the sup pression hearing. We find that the court's request for clarification of O'Dell's testimony is not significant.
 
 
 10
 The district court properly denied Curtis's motion to suppress the in-court identification.[3] Accordingly, we affirm the judgment of conviction entered by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Curtis also filed a motion to suppress his confession, on the ground that his statement was not knowingly and voluntarily made because he was under the influence of controlled substances. The district judge denied this motion, and Curtis does not appeal this denial
 
 
 [2]
 The court suppressed O'Dell's only photographic identification of Curtis
 
 
 [3]
 Moreover, in view of Curtis's signed confession that the gun was his, his statement that he bought the gun through the Village Trader, and the physical evidence of the gun and ammunition found in Curtis's car and residence, any error regarding the admission of O'Dell's testimony was harmless. See Thompson v. Leeke, 756 F.2d 314 (4th Cir.1985)